# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FORTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 7009 |
| ) | |
| CITYVISTA CAPITAL, LLC, ) | Judge Kendall |
| a Delaware limited liability company; ) | Magistrate Judge Keys |
| and HENRY CISNEROS, individually; ) | |
| and AMERICAN CITYVISTA ) | Jury Demanded |
| HOLDINGS, LTD., ) | |
| Defendants. ) | |

## JOINT UPDATED STATUS REPORT

Pursuant to the Court's April 10, 2008 minute order, the parties submit this Joint Updated Status Report.

1. Attorneys of Record

| *Counsel for Plaintiff* | *Counsel for Defendants City Vista Capital LLC, Henry Cisneros and American CityVista Holdings Ltd.* |
|---|---|
| Cynthia H. Hyndman | Stephen J. Landes |
| Adam N. Hirch | landes@wildman.com |
| Robinson Curley | Stacey L. Smiricky |
| 300 South Wacker Drive | smiricky@wildman.com |
| Suite 1700 | Wildman, Harrold, Allen & Dixon LLP |
| Chicago, IL 60606 | 225 West Wacker Drive |
| Tel: 312-663-3100 | Chicago, IL 60606 |
| Fax: 312-663-0303 | Tel: (312) 201-2000 |
| | Fax: (312) 201-2555 |

*Pro Hac Vice:*
Albert J. Solecki, Jr.
asolecki@goodwinprocter.com
Daniel J. Doron
ddoron@goodwinprocter.com
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 813-8800
Fax: (212) 355-3333

LIBNY/4722028.2

2. Basis for Federal Jurisdiction

Diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1)

3. Nature of Claims Asserted in Complaint

    a. Plaintiff's complaint seeks payment of alleged Incentive Compensation for services allegedly provided by Plaintiff as an employee and/or independent contractor of defendants.

    b. Count I is brought pursuant to the Illinois Wage Payment and Collection Act against CityVista Capital LLC ("CityVista") and Henry Cisneros for payment of alleged Incentive Compensation allegedly earned during the period plaintiff was working in Illinois from approximately early/mid 2005 through on or about May 3, 2007.

    c. Count II, brought against CityVista, in the alternative to Count I, is for alleged breach of alleged contract in the event the Court determines that plaintiff was an independent contractor rather than an employee of CityVista under the Illinois Wage Payment and Collection Act.

    d. Count III is brought for alleged violation of the Texas Labor Code against American CityVista Holdings Ltd. ("ACV") and CityVista for services performed during the period when plaintiff was working in Texas (i.e., prior to early/mid 2005).

    e. Count IV, brought against ACV and CityVista, in the alternative to Count III, is for alleged breach of alleged contract in the event the Court determines that plaintiff was an independent contractor rather than an employee of ACV under the Texas Labor Code.

4. Parties Not Yet Served

    Plaintiff purports to have served Henry Cisneros and ACV by hand delivery in Texas. Mr. Cisneros and ACV believe that such foreign service is ineffective and plan to move for dismissal on jurisdictional and related grounds.

5. Principal Legal Issues.

### *Jurisdiction and Venue*

    a. Does this Court have personal jurisdiction over Henry Cisneros?

    b. Does this Court have personal jurisdiction over ACV?

    c. Is Venue proper in connection with claims purportedly arising solely from Plaintiff's purported work in Texas?

    d. Do *forum non conveniens* considerations militate for the dismissal of claims arising solely from Plaintiff's purported work in Texas?

### *Counts I and II*

  e. Was Plaintiff an "employee" of CityVista under the terms of the Illinois Wage Payment and Collection Act and, if so, for what period?

  f. Did any agreement exist between CityVista and Plaintiff whereby CityVista was to pay Plaintiff certain incentive compensation?

  g. If an agreement existed between CityVista and Plaintiff whereby CityVista was to pay Plaintiff certain incentive compensation, what were the terms of such agreement?

  h. If an agreement existed between CityVista and Plaintiff whereby CityVista was to pay Plaintiff certain incentive compensation, was the agreement barred by the statute of frauds and/or subject to other contractual defenses?

  i. If an agreement existed between CityVista and Plaintiff whereby CityVista was to pay Plaintiff certain incentive compensation, did CityVista breach such agreement?

  j. If an agreement existed between CityVista and Plaintiff whereby CityVista was to pay Plaintiff certain incentive compensation, and if CityVista breached such agreement, was such breach a violation of the Illinois Wage Payment and Collection Act?

  k. If CityVista violated the Illinois Wage Payment and Collection Act with respect to Plaintiff, did Henry Cisneros knowingly permit such violation such that he may be deemed the employer of Plaintiff and held personally liable for compensation allegedly owed to Plaintiff under the Illinois Wage Payment and Collection Act?

  l. Did Plaintiff make a demand for payment in compliance with the Illinois Attorneys' Fees in Wage Actions Act?

  m. If Plaintiff made a demand for payment in compliance with the Illinois Attorneys' Fees in Wage Actions Act, is plaintiff entitled to recover his attorneys' fees pursuant to the Illinois Attorneys' Fees in Wage Actions Act?

  n. Is and was CityVista a "principal" as defined by the Illinois Sales Representative Act?

  o. Was Plaintiff a "sales representative" of CityVista as defined by the Illinois Sales Representative Act and, if so, for what period?

  p. Did Plaintiff earn "commissions" from CityVista as defined by the Illinois Sales Representative Act?

  q. Did CityVista fail to pay Plaintiff commissions pursuant to the terms of the Illinois Sales Representative Act? If so, what damages are due?

  r. If CityVista failed to pay Plaintiff commissions due pursuant to the terms of the Illinois Sales Representative Act, is CityVista liable for exemplary damages not to exceed three

3

times the amount of commissions owed to plaintiff plus reasonable attorneys' fees and costs for violations of the Illinois Sales Representative Act?

### *Counts III and IV*

s. Was Plaintiff an "employee" of ACV as defined by the Texas Labor Code and, if so, for what period?

t. Did any agreement exist between ACV and Plaintiff whereby ACV was to pay Plaintiff certain incentive compensation?

u. If an agreement existed between ACV and Plaintiff whereby ACV was to pay Plaintiff certain incentive compensation, what were the terms of such agreement?

v. If an agreement existed between ACV and Plaintiff whereby ACV was to pay Plaintiff certain incentive compensation, was the agreement barred by the statute of frauds and/or subject to other contractual defenses?

w. If an agreement existed between ACV and Plaintiff whereby ACV was to pay Plaintiff certain incentive compensation, did ACV breach such agreement?

t. If an agreement existed between ACV and Plaintiff whereby ACV was to pay Plaintiff certain incentive compensation, and if ACV breached such agreement, was such breach a violation of the Texas Labor Code?

u. Is CityVista a successor to ACV such that CityVista may be held liable for any amounts found to be due to Plaintiff from ACV?

6. The Principal Factual Issues.

a. The issues enumerated as "Legal Issues" under point 5 above are combined issues of law and fact and are incorporated herein by reference.

b. The amount, if any, of compensatory damages shown by the evidence to be owed to Plaintiff.

c. The amount, if any, of Plaintiff's reasonable attorneys' fees and costs recoverable in this action.

7. Jury Trial.

Plaintiff has requested trial by jury.

8. Short Description of Discovery Undertaken to Date and Anticipated.

The parties have exchanged Rule 26(a)(1) Disclosures.

On April 11, 2008, CityVista served document requests and a notice to take Plaintiff's deposition. Defendants anticipate taking 1-3 depositions in this case.

On April 21, 2008, Plaintiff served document requests and interrogatories upon CityVista. Plaintiff anticipates taking 5-8 depositions in this case.

9. Trial Date and Length.

Plaintiff anticipates that discovery will be completed and the case will be ready for trial in December 2008. Defendant anticipates that discovery will be completed and the case will be ready for trial in April 2009. The expected length of trial is four days.

10. Magistrate Judge.

The parties do not consent to proceed before a magistrate judge.

11. Settlement Discussions.

The parties engaged in settlement discussions before the case was filed but those discussions did not yield a resolution. It is counsel's understanding that the parties themselves have had some recent direct settlement discussions but those discussions have not yet yielded any resolution.

Respectfully submitted,

| | |
|---|---|
| Michael Fortin, Plaintiff | CityVista Capital LLC, Henry Cisneros and American CityVista Holdings Ltd., Defendants |
| By: __/s/ Adam N. Hirsch_____ | |
| *Counsel for Plaintiff* | |
| Cynthia H. Hyndman | By: __/s/Stacey L. Smiricky__ |
| chyndman@robinsoncurley.com | *Counsel for CityVista Capital LLC* |
| Adam N. Hirsch | Stephen J. Landes |
| ahirsch@robinsoncurley.com | landes@wildman.com |
| Robinson Curley | Stacey L. Smiricky |
| 300 South Wacker Drive | smiricky@wildman.com |
| Suite 1700 | Wildman, Harrold, Allen & Dixon LLP |
| Chicago, IL 60606 | 225 West Wacker Drive |
| Tel: 312-663-3100 | Chicago, IL 60606 |
| Fax: 312-663-0303 | Tel: (312) 201-2000 |
| | Fax: (312) 201-2555 |
| | |
| | *Pro Hac Vice:* |
| | Albert J. Solecki, Jr. |
| | asolecki@goodwinprocter.com |
| | Daniel J. Doron |
| | ddoron@goodwinprocter.com |
| | Goodwin Procter LLP |
| | 599 Lexington Avenue |
| | New York, New York 10022 |
| | Tel: (212) 813-8800 |
| | Fax: (212) 355-3333 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Cynthia H. Hyndman | Albert J. Solecki, Jr. |
| chyndman@robinsoncurley.com | asolecki@goodwinprocter.com |
| Adam N. Hirsch | Daniel J. Doron |
| ahirsch@robinsoncurley.com | ddoron@goodwinprocter.com |
| Robinson Curley | Goodwin Procter LLP |
| 300 South Wacker Drive | 599 Lexington Avenue |
| Suite 1700 | New York, New York 10022 |
| Chicago, IL 60606 | |

                                                                  /s/ Stacey L. Smiricky

LIBNY/4722028.2