IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FORTIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 7009 |
| v. ) | Judge Kendall |
| ) | Magistrate Judge Keys |
| CITYVISTA CAPITAL, LLC, et al., a Delaware ) | |
| limited liability company; and HENRY ) | |
| CISNEROS, individually; and AMERICAN ) | |
| CITYVISTA HOLDINGS, LTD., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLAIMS
AGAINST HENRY CISNEROS AND AMERICAN CITYVISTA HOLDINGS LTD. AND
TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION**

In this action, Plaintiff Michael Fortin ("Plaintiff") has sued two of his former employers, CityVista Capital LLC ("CityVista") and American CityVista Holdings, Ltd. f/k/a American CityVista, Ltd. ("ACV") alleging that he is owed incentive compensation by each. In addition, Plaintiff has sued Henry Cisneros (together with CityVista and ACV, the "Defendants") alleging that Mr. Cisneros is individually liable for the incentive compensation Fortin claims he is owed.

Plaintiff's naming Mr. Cisneros, a public figure,[1] personally in this lawsuit is a transparent litigation gambit. This Court should not countenance the meritless joining of prominent public figures as a publicity ploy and negotiation tactic. Nor should this Court support the joining of parties and claims, specifically ACV and the Third and Fourth Causes of Action, with no nexus whatsoever to the forum jurisdiction.

---

[1] Mr. Cisneros is former cabinet member during the Clinton administration, a former four-term Mayor of San Antonio, Texas, a recognized leader in the real estate industry and a prominent member of the Mexican-American and Hispanic communities.

Mr. Cisneros and ACV respectfully request that: (a) the claims against them be dismissed for lack of personal jurisdiction; (b) the Third and Fourth Causes of Action be dismissed in their entirety for improper venue; and (c) the Third and Fourth Causes of Action be dismissed under the doctrine of *forum non conveniens*.

## I.  FACTS

Defendants respectfully refer the Court to the Complaint for the allegations set forth therein.  Mr. Cisneros was served with the Summons and Complaint in this action by personal service upon him in Texas.  (*See*, Summons Returned Executed on 3/21/08 as to Henry Cisneros).  ACV was served with the Summons and Complaint in this action by personal service upon Mr. Cisneros in Texas.  (*See*, Summons Returned Executed on 3/21/08 as to American CityVista Holdings, Ltd.).

## II.  ARGUMENT

**A.  The Claim Against Henry Cisneros in the First Cause of Action Should Be Dismissed Because This Court Lacks Personal Jurisdiction Over Mr. Cisneros**

Pursuant to F.R.C.P. 12(b)(2), this Court should dismiss the claim against Henry Cisneros in the First Cause of Action because he lacks sufficient minimum contacts with the State of Illinois to bring him under this Court's jurisdiction.  The First Cause of Action is brought against Mr. Cisneros for alleged violation of the Illinois Wage Payment and Collection Act 820 ILCS 115/4-5.  (Compl. ¶¶ 24-32).  The First Cause of Action seeks purported incentive compensation in connection with Plaintiff's alleged work on projects known as Woodland Park and Auburn Lakes on behalf of CityVista.  (Compl. ¶ 27).

Plaintiff bears the burden of proving that this Court has personal jurisdiction over Mr. Cisneros.  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).  In a diversity case, a federal district court sitting in Illinois has personal jurisdiction over a nonresident

defendant only if an Illinois court would have jurisdiction. *Id.* at 1275. For an Illinois court to have personal jurisdiction over a nonresident defendant, personal jurisdiction must be permitted by: (1) Illinois statutory law; (2) the Illinois Constitution; and (3) the Constitution of the United States. *Id.* at 1276.

With respect to Illinois Statutory law, the Illinois long-arm statute extends personal jurisdiction to the limit allowed under the due process clauses of the Illinois and United States Constitutions. 735 ILCS § 5/209(c); *RAR*, 107 F.3d at 1276. As discussed below, there is simply nothing in the Illinois long-arm statute that is applicable to Mr. Cisneros.

With respect to the Illinois and United States Constitutions, "[b]ecause there is no 'operative difference' between the limits on personal jurisdiction in the Illinois and United States Constitutions, the Seventh Circuit has instructed a district court to look directly at whether the due process guaranteed in the United States Constitution allows for the exercise of personal jurisdiction over a defendant." *Flexicops, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, 06 C 3183, 2007 WL 1560212 (N.D.Ill. May 29, 2007)[2] *citing Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714-15 (7th Cir. 2002). Federal due process requires that a defendant have sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Thus, a court will only find personal jurisdiction to be reasonable and fair where a defendant should "reasonably anticipate being haled into court" there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The "minimum contacts" standard depends upon whether the forum state is asserting "general" or "specific" jurisdiction. *RAR*, 107 F.3d at 1277. As discussed more fully below, Plaintiff cannot establish that Mr. Cisneros had

---

[2] Attached hereto as Exhibit B.

3

sufficient contacts with Illinois to satisfy either the "general" or "specific" standard and Plaintiff cannot proffer facts that justify putting Mr. Cisneros to the burden of litigating in a foreign jurisdiction. Accordingly, this Court should dismiss Plaintiffs' claims against Mr. Cisneros for lack of personal jurisdiction because haling Mr. Cisneros into an Illinois court would be unfair and unjust.

  *1. There is No Basis Under the Illinois Long-Arm Statute for Haling Mr. Cisneros into an Illinois Court*

The service of the Summons and Complaint upon Mr. Cisneros by personal service in Texas was ineffective. There is no enumerated basis under the Illinois Long Arm Statute, 735 ILCS § 5/2-209, by which Mr. Cisneros has submitted to jurisdiction in Illinois. (Cisneros Aff. *passim*.).[3] Accordingly, the out-of-state service upon Mr. Cisneros in Texas was incapable of conferring personal jurisdiction over Mr. Cisneros either as a matter of general jurisdiction (735 ILCS § 5/2-209(b)) or specific jurisdiction(735 ILCS § 5/2-209(a)).

  *2. Mr. Cisneros Lacks the Requisite Minimal Contacts with Illinois to Support General Jurisdiction.*

Simply put, Mr. Cisneros lacks any contacts with the State of Illinois that would support general jurisdiction over him there. "General personal jurisdiction relies on ongoing and continuous contact with the State of Illinois." *Maxwell v. Vertical Networks, Inc.*, 03 C 5715, 2005 WL 950634 at * 14 (N.D.Ill Mar. 18, 2005).[4] 'Ongoing and continuous,' in turn, "means such regularity that the defendant practically resides in the forum state." *Id., citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 466 U.S. 408, 415-16 (1984). Mr. Cisneros is a natural person residing in the State of Texas. (Cisneros Aff. ¶ 1). Mr. Cisneros has no property, telephone lines, bank accounts, representatives or other indicia of "ongoing and continuous"

---

[3] Attached hereto as Exhibit A.
[4] Attached hereto as Exhibit C.

presence in the State of Illinois. (Cisneros Aff. ¶¶ 3-10 and *passim*.). Plaintiff cannot rationally claim that Mr. Cisneros "practically resides" in Illinois. For these reasons, Plaintiff's suing Mr. Cisneros in Illinois clearly offends traditional notions of fair play and substantial justice because Mr. Cisneros could not have reasonably expected to be haled into court in Illinois.

> 3. <u>Mr. Cisneros Lacks the Requisite Minimal Contacts with Illinois to Support Specific Jurisdiction</u>

There are no contacts with Illinois that would support specific jurisdiction over Mr. Cisneros. In the context of specific jurisdiction, the "minimum contacts" standard is satisfied where a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and the litigation arises from injuries caused by those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Thus, in order for this Court to assert specific jurisdiction over Mr. Cisneros, Plaintiff must prove that his claim arise out of or are related to the Mr. Cisneros's intentional contacts with Illinois. *RAR,* 107 F.3d at 1277. Plaintiff has not and cannot offer any facts demonstrating that Mr. Cisneros directed his activities toward Illinois. Moreover, Plaintiff has failed to allege a single act by Mr. Cisneros that occurred in Illinois, let alone an act by Mr. Cisneros that gives rise to First Cause of Action.

*Maxwell v. Vertical Networks* is directly on-point. 2005 WL 950634 at * 14-15. In *Maxwell*, this Court held that specific jurisdiction did not exist against a foreign corporate officer sued for alleged violation of the Illinois Wage Payment and Collection Act. *Id.* Like this case, *Maxwell* involved a claim for alleged incentive compensation made by an Illinois resident (with sales responsibilities in the "north-central territory") in connection with his employment by a California corporation. *Id.* at *1. In addition to suing his former employer, the plaintiff in *Maxwell* also sued its President and Chief Executive Officer, Fraser, a California resident, for, among other things, violation of the Illinois Wage Payment and Collection Act. *Id.* After

5

finding that no general jurisdiction existed over Fraser, this Court held that no specific jurisdiction existed over Fraser under these circumstances. *Id.* at \*14-16.

Moreover, in *Maxwell* this Court held that even though it was not disputed that Fraser came to Illinois on "a few occasions" in conjunction with the deal that the plaintiff alleged gave rise to his entitlement to incentive compensation, the fiduciary shield doctrine prevented the exercise of jurisdiction over him. *Id.* at \*15. This Court explained that "Illinois' fiduciary shield doctrine … precludes the exercise of personal jurisdiction over a non-resident corporate agent or employee who is acting in the forum state in his role as a corporate agent or employee." *Id.* Therefore, even Fraser's actual presence in the jurisdiction in connection with the transactions underlying the plaintiff's incentive compensation claim did not give rise to specific jurisdiction under the Illinois Wage Payment and Collection Act because the visits to Illinois were made on behalf of his employer and not in Fraser's individual capacity. *Id.* at \*15-16.

In the instant case, there is no allegation that Mr. Cisneros committed any affirmative act (except "knowingly permitting" – *See*, Compl. ¶ 30) in connection with Plaintiff's claims for incentive compensation, let alone an act in Illinois. Even if, *arguendo*, Plaintiff had alleged that Mr. Cisneros committed an affirmative act in Illinois in connection with Plaintiff's alleged claim to incentive compensation, Mr. Cisneros would clearly have been acting in his role as Executive Chairman of CityVista.[5] (Cisneros Aff. ¶ 46-68). Therefore, the fiduciary shield doctrine would operate to preclude the exercise of specific jurisdiction over him.

---

[5] It should be noted that although Plaintiff worked for CityVista in Chicago, Illinois, Plaintiff was the only individual working in that office and the sole reason for CityVista's Chicago, Illinois office (or any office in Illinois) was as an accommodation to Plaintiff. (Cisneros Aff. ¶ 55).

**B. The Claims Against ACV in the Third and Fourth Causes of Action Should Be Dismissed for Lack of Personal Jurisdiction**

Pursuant to F.R.C.P. 12(b)(2), this Court should dismiss the claim against ACV in the Third and Fourth Cause of Action because ACV lacks sufficient minimum contacts with the State of Illinois to bring it under this Court's jurisdiction. The Third Cause of Action is brought against ACV for alleged violation of the Texas Labor Code, Tex. Lab. Code §61.001. (Compl. ¶ 45). The Fourth Cause of Action is brought in the alternative to the Third Cause of Action for alleged breach of contract. (Compl. ¶ 54). Both the Third and Fourth Cause of Action seek purported incentive compensation in connection with Plaintiff's alleged work on projects known as Tuscany Lakes, Uvalde and Deer Creek Pasadena on behalf of ACV. (Compl. ¶¶ 47, 56). The Third and Fourth Causes of Action relate to work allegedly performed by Plaintiff in the State of Texas. (Compl. ¶ 7, 14, 15, 16; Cisneros Aff. ¶ 43). By definition, Plaintiff's work for ACV did not involve Illinois because ACV is affiliated with a real estate investment fund that is authorized to make real estate investments only in the five westernmost states: Arizona, California, Nevada, Oregon and Washington. (Cisneros Aff. ¶¶ 23-24).

The general principles with regard to personal jurisdiction set forth in Section II.A., above, apply with equal force to jurisdiction over ACV.

> 1. *There is No Basis Under the Illinois Long-Arm Statute for Haling ACV into an Illinois Court*

The service of the Summons and Complaint upon ACV by personal service in Texas was ineffective. Again, there is simply no enumerated basis under the Illinois Long Arm Statute, 735 ILCS § 5/2-209, by which ACV has submitted to jurisdiction in Illinois. (Cisneros Aff. ¶¶ 23-45). Accordingly, the out-of-state service upon ACV in Texas was incapable of conferring

7

personal jurisdiction over ACV either as a matter of general jurisdiction (735 ILCS § 5/2-209(b)) or specific jurisdiction(735 ILCS § 5/2-209(a)).

### 2. *ACV Lacks the Requisite Minimal Contacts with Illinois to Support General Jurisdiction.*

With respect to corporations, this Court may assert general jurisdiction over ACV only if Plaintiff can prove that ACV maintained "continuous corporate operations within [Illinois] . . . so substantial and of such nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 326 (1945); *see also Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1024 (N.D. Ill. 2004).

Plaintiffs cannot establish that ACV has minimum contacts, much less continuous and systematic contacts, with Illinois. ACV is organized under the laws of Texas and has its principal place of business in Texas. (Cisneros Aff. ¶¶ 26-27). ACV has no indicia of any presence in Illinois whatsoever: no offices, no telephones, no employees, no representatives, no bank accounts, no loans, no real property, no personal property, no lawsuits, no advertising and no solicitation of business in Illinois. (Cisneros Aff. ¶¶ 23-45).

Simply put, Plaintiff has not even alleged, let alone proven, that ACV has any continuous and systematic business activity in Illinois. There is therefore no basis for Plaintiff to seek to have this Court assert general jurisdiction over ACV.

### 3. *ACV Lacks the Requisite Minimal Contacts with Illinois to Support Specific Jurisdiction.*

The general principles regarding specific jurisdiction are set forth in Section II.A.2, above. It is simply inconceivable how the allegations in the Complaint could support the assertion of specific jurisdiction over ACV when: (a) Plaintiff's employment or independent

contractor relationship with ACV was based in Texas (Cisneros Aff. ¶ 43); (b) by definition Plaintiff's work could not involve Illinois because the investments of the fund ACV is affiliated with are strictly limited to the five westernmost states (Cisneros Aff. ¶¶ 23-24); and (c) the Third Cause of Action is a claim under a specific Texas wage statute (Compl. ¶ 54). In short, Plaintiff's attempt to bootstrap claims against ACV onto his Illinois-based litigation against CityVista are patently meritless as a matter of law and should be rejected.

**C. The Third and Fourth Causes of Action Should Be Dismissed For Improper Venue**

Pursuant to F.R.C.P. 12(b)(3), this Court should dismiss the Third and Fourth Causes of Action for improper venue. Venue is proper in " a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(a)(2). The Third and Fourth Cause of Action arise exclusively from Plaintiff's employment or independent contractor relationship with ACV in Texas. (Cisneros Aff. ¶ 43; Compl. ¶¶ 7, 44-62). There is not a single allegation that *any* part, let alone a *substantial* part, of the events giving rise to the Third or Fourth Causes of Action have any connection whatsoever with Illinois. (Compl. *passim*.). Accordingly, venue is improper as to the Third and Fourth Causes of Action and they should be dismissed from this litigation.

**D. The Third and Fourth Causes of Action Should Be Dismissed on Grounds of *Forum Non-Conveniens***

Even if, *arguendo*, this Court had jurisdiction over ACV, and even if, arguendo, venue for the Third and Fourth Causes of Action were proper, this Court should still dismiss the Third and Fourth Causes of Action under the doctrine of *forum non conveniens*. "The principle of *forum non conveniens* comes down to this: a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the conveniences of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997) (affirming district

9

court's dismissal of claims based on *forum non conveniens* grounds).  If the Third and Fourth Causes of Action were tried in Illinois, this case would impose a significant burden on the parties and witnesses, not to mention commitment of judicial time and resources, to overcome long-distance discovery hurdles, summon witnesses and evidence located in Texas, and construe Texas law.  (Cisneros Aff. ¶¶ 44-45); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("The central purpose of the *forum non conveniens* inquiry is to ensure that the trial is convenient").

> 1.  *Texas is an Available and Adequate Forum.*

A threshold requirement of a *forum non conveniens* motion is whether an adequate alternative forum is available.  *Kamel*, 108 F.3d at 802-3.  "This is a two-part inquiry: availability and adequacy.  An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction.  An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly."  *Id.* (citations omitted); *see also Piper*, 454 U.S. at 255 n.22 (the relevant inquiry is whether the remedy available in the alternative forum is "clearly unsatisfactory"); *Macedo v. Boeing Co.*, 693 F.2d 683, 687 (7th Cir. 1982).

Here, there is no question that an adequate Texas forum is available.  ACV is amenable to service in Texas where it is organized and has its principal place of business.  (Cisneros Aff. ¶ 26).  Although CityVista denies that it is a proper defendant in the Third and Fourth Causes of Action (as it is not, by any stretch, a "successor" to ACV), CityVista is, in any event, amenable to service in Texas as it maintains offices there.  (Answer of CityVista ¶¶ 51, 61; Cisneros Aff. ¶ 52).  As discussed below, Texas is not only an adequate forum, it is a far superior forum to adjudicate the Third and Fourth Causes of Action which seek redress under a Texas statute and Texas common law.

   2. *Private and Public Interest Factors Favor Texas as the Forum for the Third and Fourth Causes of Action.*

Courts consider a variety of private and public interest factors in deciding *forum non conveniens* motions. *In re Ford Motor Co.*, 344 F.3d 648, 652 (7th Cir. 2003). The relevant private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; and (3) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Bridgestone/Firestone, Inc.*, 420 F.23d 702, 704 (7th Cir. 2005) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). With the exception of Plaintiff, who now resides in Illinois, the relevant witnesses in connection with Plaintiff's employment or independent contractor relationship with ACV in Texas are likely to reside in Texas. (Cisneros Aff. ¶ 45). Additionally, most, if not all, of the documentary evidence, including relevant documents, are likely to be located in Texas except to whatever extent that Plaintiff may have retained them and taken then to Illinois. (Cisneros Aff. ¶ 44). Obtaining attendance of Texas witnesses at deposition and trial, whether they are unwilling or willing, will be costly, time consuming, and burdensome.

The public interest factors also favor Texas. The relevant public interest factors are: (1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Kamel*, 108 F.3d at 803 (citing *Piper*, 454 U.S. at 241 n.6).

First, the already congested docket of the Northern District of Illinois should not be overburdened with the trial of the Third and Fourth Causes of Action which are completely unconnected to this forum. *See Macedo*, 693 F.2d at 690. Second, Texas has a far greater interest in resolving a dispute arising from an employment/independent contractor relationship within Texas than does any other state. Because Illinois has no interest in this dispute it would be unfair to force an Illinois jury to sit through a lengthy trial about alleged formulas for computing alleged incentive compensation in connection with real estate transactions that Plaintiff allegedly procured while he was living and working in Texas.

Finally, the Third Cause of Action is brought under a Texas labor statute, and although Defendants have not undertaken a thorough conflict of laws analysis at this point, it is unlikely that Illinois law will apply to the Fourth Cause of Action for breach of contract. It is more likely that the Court will need to apply and construe Texas law in order to adjudicate this dispute.[6]

Taking these public and private factors together, it is clear that the Third and Fourth Causes of action should be tried in Texas as the most logical and convenient forum for the dispute. An Illinois trial of the Third and Fourth Causes of action would be inconvenient for the Court, the witnesses and the parties. Texas is the most logical and convenient forum for this dispute. As a result, the Third and Fourth Cause of Action should be dismissed under the doctrine of *forum non conveniens.*

---

[6] In deciding choice-of-law questions in tort cases, Illinois follows the RESTATEMENT (SECOND) OF CONFLICTS OF LAWS and uses a most-significant-contacts approach similar to the one delineated in Section 145. *Wreglesworth v. Artco, Inc.,* 738 N.E.2d 964, 969 (Ill. Ct. App. 2000). "Illinois courts apply the local law of the place of the injury unless Illinois has a more significant relationship with the occurrence and with the parties." *Id.*; It is difficult to imagine how Illinois could possibly have a more significant relationship than Texas with a claim about compensation for work in Texas by an individual who, during the relevant period, was a Texas resident.

12

**CONCLUSION**

For all the foregoing reasons, Mr. Cisneros and ACV respectfully request that: (a) the claims against them be dismissed for lack of personal jurisdiction; (b) the Third and Fourth Causes of Action be dismissed in their entirety for improper venue; and (c) the Third and Fourth Causes of Action be dismissed under the doctrine of *forum non conveniens*.

Respectfully submitted,

Dated: May 9, 2008

       /s/ Stacey L. Smiricky
One of the Attorneys for Defendants
AMERICAN CITYVISTA HOLDINGS, LTD. and
HENRY CISNEROS

Stephen J. Landes
landes@wildman.com
Stacey L. Smiricky
smiricky@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Suite 2800
Chicago, IL 60606
Tel:  (312) 201-2000
Fax:  (312) 201-2555

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cynthia H. Hyndman
chyndman@robinsoncurley.com
Adam N. Hirsch
ahirsch@robinsoncurley.com
Robinson Curley
300 South Wacker Drive
Suite 1700
Chicago, Illinois 60606


　　　　　　　/s/   Stacey L. Smiricky